IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-mj-00093

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODNEY KENNETH MILSTREED,

    Defendant.

## ORDER OF PRETRIAL RELEASE

    This matter was before the Court for detention hearing on May 27, 2022. Assistant United States Attorney Timothy Neff represented the government, and Matthew Belcher represented the Defendant. The Defendant contested detention.

    The United States did not assert a risk of nonappearance. Based on the entire record herein, the Court cannot find, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community. Therefore, Defendant is ordered released on conditions based on the following.

    DATED and ENTERED this 27th day of May, 2022.

    By the Court:

    S/Michael E. Hegarty
    Michael E. Hegarty
    United States Magistrate Judge

United States v. Rodney Kenneth Milstreed
Case No. 22-mj-00093

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF PRETRIAL RELEASE

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including –

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, the evidence received at the detention hearing including video of the events of January 6, 2021 and an extensive memorandum from the United States, and the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Criminal Complaint in this case allege violations of 18 U.S.C. §§ 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury; 18 U.S.C. § 113(a)(4) - Assault by striking, beating, or wounding; 18 U.S.C. § 113(a)(5) - Simple assault; 18 U.S.C. § 231(a)(3) - Civil Disorder; 18 U.S.C. §§ 1512(c)(2)- Obstruction of an Official Proceeding; 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds; 18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building; 40 U.S.C. § 5104(e)(2)(E) - Impeding Passage Through the Capitol Grounds or Buildings; 40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings. There is no rebuttable presumption of detention. The most severe potential sentence of these is not more than twenty years in prison (Section 111(a)(1) and (b)).

Second, as Defendant has waived a preliminary hearing, probable cause exists to support the charges in the Criminal Complaint.

Third, the United States asserts a danger to the community, for which it bears the burden of establishing by clear and convincing evidence that such risk cannot be adequately mitigated by conditions of release. The United States Probation Office, Pretrial Services, has recommended release on conditions, stating that a person in Defendant's circumstances has an eighty percent (80%) rate of successful pretrial supervision.

Fourth, I cannot find clear and convincing evidence of a danger to the community here based on the following:

(1) The circumstances of this offense, arising from the events at the U.S. Capitol on January 6, 2021, are virtually unprecedented in this country. In my sixteen-plus years of conducting federal detention hearings, there is no similar event to compare.

(2) The evidence concerning the underlying charges is strong. Furthermore, Defendant posted alarming angry and force-threatening comments on social media in 2020 following the Presidential election. He also has possessed firearms including semi-automatic "assault" style weapons, although except for the decades-old felony, the United States could proffer no specific basis for finding that these were illegally possessed. I note that he has not been charged under 18 U.S.C. § 922(g) with felon in possession. Nevertheless, this factor favors detention.

(3) Defendant's criminal history is unremarkable, with only one felony conviction, thirty-five years ago for a vague "possession with intent to distribute CDS." Neither the Assistant U.S. Attorney nor the public defendant knew what "CDS" was. I suspect is stands for Controlled

Dangerous Substance. His last non-traffic offense was sixteen years ago, for simple possession, resulting in a fine. There is no entry for any violent crime, either arrest or conviction. This factor favors conditions of release.

(4) Defendant has no incidents of any kind in the record after January 6, 2021. This favors conditions of release and belie his prior statements of "revolution."

(5) The "history and characteristics" of Defendant strongly favor release on conditions. These include a steady history of employment, a stable family, a stable residence, three letters of support (his employer, his significant other, and his father who is ill), and a stable financial condition with assets and very little debt.

(6) Defendant has no history of disobeying court orders.

(7) Defendant is in good health, with no history of mental illness or treatment.

(8) Defense counsel proffered Defendant's statement of regret and remorse for his actions on January 6, 2021.

I have placed the Defendant on stringent conditions of release, including a cash bond, active GPS, curfew, no alcohol or other substances, testing for illegal substances, and travel restriction. I, and the United States Probation Office, believe these conditions will be effective in assuring the safety of the community.

I note the following: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). I have struggled to consider whether to detain Defendant, and I have concluded there is not clear and convincing risk of danger to the community, and that the strict conditions on which I have placed Defendant will address any potential risk. Defendant is ordered released on conditions (set out in a separate Order), with this Order stayed until close of business on May 31, 2022.

SO ORDERED.